UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID TERENCE STEPHENS,

    Plaintiff,

v.                                  CASE NO. 8:14-cv-2478-T-23TGW

MICHAEL D. CREWS, *et al.*,

    Defendants.
_____/

## **O R D E R**

Stephens, a prisoner within the Florida Department of Corrections, files a civil rights complaint and moves for leave to proceed *in forma pauperis*. As a consequence, this action is subject to the prison Litigation Reform Act ("PLRA") and 28 U.S.C. § 1915, which contains the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[F]ederal courts in this circuit may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted," including actions dismissed before the PLRA. *Rivera v. Allin*, 144

F.3d 719, 730 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007). Stephens's actions that qualify as a "strike" under Section 1915(g) include 6:01-cv-1512-Orl-31KRS, 6:04-cv-695-Orl-18KRS, 6:04-cv-811-Orl-22DAB, 8:06-cv-319-T-27MAP, 6:07-cv-536-Orl-22JGG, 8:09-cv-194-T-27TGW, and 8:11-cv-1342-T-27MAP. Additionally, 8:13-cv-1397-T-35TGW and 8:14-cv-553-T-35MAP were dismissed based on the "three-strikes" provision in Section 1915(g).

In 1999 Stephens was sentenced to forty years imprisonment. In many of the earlier actions listed above, Stephens attempted to sue the judges, prosecutors, and lawyers who were involved in his criminal proceedings. The present complaint is a continuation of those efforts. Because he has had three or more dismissals that qualify under Section 1915(g) and he is not under imminent danger of serious physical injury, Stephens is not entitled to proceed *in forma pauperis*. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The purpose of the PLRA is to curtail abusive prisoner litigation."). This preclusion against proceeding *in forma pauperis* is without regard to the merits of the present civil rights complaint. Stephens may initiate a new civil rights action by filing a civil rights complaint and paying the $400.00 filing fee.

Accordingly, the motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**. The complaint (Doc. 1) is **DISMISSED** without prejudice to the filing of

a new complaint, in a new action, with a new case number, upon the payment of the $400.00 filing fee.  The motions to award costs (Doc. 4) and for both a bond and the appointment of counsel (Doc. 3) are **DENIED**.  The clerk must close this case.

ORDERED in Tampa, Florida, on October 8, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE